# COMPOSITE

# EXHIBIT "A"

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL ACTION SUMMONS (b) | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHERS | Form for Personal Services on a<br>Natural Person | 2026-005924-CA-01 |

| PLAINTIFF(S) | VS | DEFENDANT(S) | CLOCK IN |
|---|---|---|---|
| AiDigital Operating LLC | | Susan Rothwell | |

THE STATE OF FLORIDA:TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):   Susan Rothwell | Address:   928 Capitol Cir., Norristown, PA 19403 |
|---|---|

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

### MIAMI-DADE COUNTY COURT LOCATIONS

☐ CNS Justice Center Central Court (05)
Room 6.240
20 NW 1st Ave
Miami, FL 33128

☐ Joseph Caleb Center Court (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Miami, FL 33134

☐ South Dade Justice Center (28)
Room 1200
10710 SW 211 Street
Miami, FL 33189

| SERVICE |
|---|
| Date:<br>Time:<br>Server<br>Initials: |

| Plaintiff/Plaintiff Attorney  Ryan Witte, Esq. | Address:   Boies Schiller Flexner LLP, |
|---|---|
| Florida Bar No.   60628 | 100 SE 2nd Street, Suite 2800, Miami FL 33131 |

| JUAN FERNANDEZ-BARQUIN<br>CLERK OF THE COURT AND COMPTROLLER<br>MIAMI-DADE COUNTY<br>CIRCUIT AND COUNTY COURTS | *Willy Alcon*<br>DEPUTY CLERK | DATE ON: |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 070 Rev. 12/25

Clerk's web address, www.miamidadeclerk.gov

☐ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.
☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION | EMPLAZAMIENTO DE ACCION CIVIL | NUMERO DE CASO |
|---|---|---|
| ☐ CIVIL | (b) NOTIFICACION PERSONAL A PERSONA NATURAL | |
| ☐ DISTRITO | | |
| ☐ OTRA | | |

| DEMANDANTE(S) | VS.   DEMANDADO(S) | HORA |
|---|---|---|
| | | |

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagen entrega de esta notificación y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| A Demandado(s): | A Demandado(s): |
|---|---|
| | |

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante esta tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."

#### LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

☐ **DNS Justice Center Central Court** (05)
Room 6.240
20 NW 1st Ave
Miami, FL 33128

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

| | | SERVICIO |
|---|---|---|
| Demandante o Abogado del Demandante: | Dirección: | |
| Número del Colegio de Abogados: | | |
| | | FECHA |
| **JUAN FERNANDEZ-BARQUIN** Secretario del Tribunal y Contralor | COMO SECRETARIO ADJUNTO | |

### LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."

CLK/CT. 070 Rev. 12/25.

Clerk's web address: www.miamidadeclerk.gov

☐ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.
☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVIZYON<br>☐ CIVILE<br>☐ DISTRICT<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CASO |
|---|---|---|
| PLAINTE (S) | VS.   CONTRE ACCUSE(S) | HEURE IN |

L'TAT DE LA FLORIDE: A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus.

| A (AUX) ACCUSE(S): | A (AUX) ACCUSE(S): |
|---|---|

## IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas notre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis uiterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une raponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite du "Plaintif/Plaintif's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Graffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal, et l'adresse des succersales sont dans ci-dessous pour votre convenance

"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☐ ONS Justice Center Central Court (c5)
Room 6.240
20 NW 1st Ave
Miami, FL 33128

☐ Joseph Caleb Center Court (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ South Dade Justice Center (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

| UN SERVICE |
|---|

| Plainte/Avocat du Plainte | Adresse : | |
|---|---|---|
| Numero de barreau de la Floride: | | |
| JUAN FERNANDEZ-BARQUIN<br>Greffier du Tribunal<br>et Contrôleur | | DATE: |
| | COMME GREFFIER ADJOINT | |

## ACT DE 1990 POUR AMERICAINS HANDICAPES
### AVIS DE l' ADA

"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Alican Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

CLK/CT. 070 Rev. 12/25

Clerk's web address: www.miamidadeclerk.gov

☐ NAN TRIBINAL ITINERAN NAN ONZYÈM AWONDISMAN JIDISYÈ NAN E POU KONTE MIAMI-DADE, FLORIDA
☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA

| DIVIZYON<br>☐ SIVIL<br>☐ DISTRI<br>☐ LÒT | KONVOKASYON POU KA SIVIL<br>(b) DELIVRE PERSONELMAN BAY YON MOUN | NIMEWO KA |
|---|---|---|
| PLENTIF (S) | VS.   KONT AKIZE(S) | LE |

ETA FLORIDA: Pou Chak nan eta a yo odone ou pou bay akize a (yo), non l ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.:

| AKIZE: | ADRES:: |
|---|---|

## ENPOTAN

Yo entro yon aksyon kont oumaum. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistro devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protega-ou. Se yon repense pa ecri,fo ou m ete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tande position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen-ou ak byan ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rela sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-la nan tribunal-la ki localize nan avek Sekreto Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo atez:

"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☐ DMS Justice Center Central Court (05)
Room G-240
20 NW 1st Ave
Miami, FL 33128

☐ Joseph Caleb Center Court (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ Hialeah District Court (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ South Dade Justice Center (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

UN SERVICE

| Plainte/Avocat du Plainte: | Nimewo manm avoka a: |
|---|---|
| Numero de barreau de la Floride: | Address: |
| JUAN FERNANDEZ-BARQUIN<br>Grefye Tribinal la ak Kontwolè | DATE: |

SEKRETE

## LWA 1990 POU AMERIKEN KI ENFIM
## ANONS POU AMERIKEN KI ENFIM

"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gendwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakté Kowòdinatè Aliean Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."

CLKCT. 070 Rev. 12/25

Clerk's web address: www.miamidadeclerk.gov

Filing # 244364733 E-Filed 03/23/2026 12:33:24 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

AiDigital Operating LLC
Plaintiff

Case # _____
Judge _____

vs.
Susan Rothwell
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☒ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☐ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☒ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COUNTY CIVIL

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

-2-

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

2

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: /s/ Ryan Witte    Attorney or Florida Bar # 66628
    Attorney or party    (Bar # if attorney)

Ryan Witte    03/23/2026
(type or print name)    Date

- 3 -

Filing # 244364733 E-Filed 03/23/2026 12:33:24 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

AIDIGITAL OPERATING LLC,

a limited liability company,

Case No.: _____

Plaintiff,

v.

SUSAN ROTHWELL,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AiDigital Operating LLC ("AiDigital" or "AID"), sues Defendant Susan Rothwell ("Rothwell") and alleges:

## INTRODUCTION

1. Susan Rothwell has spent decades mastering how to sell and how words shape commercial decisions. Her professional stock in trade is understanding how messaging moves commercial audiences — what audiences to target, what words attract business, what associations repel it, and what labels, once attached, cannot be undone. This case is about Rothwell using those skills deliberately and maliciously, to attach a false and toxic label to a company with the intention of doing it harm.

2. Over a career spanning more than thirty years in sales and digital marketing, Rothwell has held senior revenue leadership roles at major media and advertising companies, managing sales organizations and advising clients on how to reach audiences and influence their decisions.

3. Here, Rothwell communicated to numerous third parties, including colleagues, AiDigital's clients, AiDigital's potential clients, and market participants that AiDigital was

Page 1

funded by the Russian mafia and "dirty" Russian money, that it was backed by Russian private equity, and that she maintained a spy inside AiDigital.

4.     Rothwell knew these defamatory statements and messages were toxic to AiDigital but made them anyway with negligent disregard for their truth or falsity—and more likely—with knowledge the statements were false paired with malice.

5.     At a time where more than ninety percent of Americans hold an unfavorable view of Russia, with a majority rating it "very unfavorably," Rothwell knew how these defamatory allegations would be received by employees, customers, and other third parties.[1] *See* Gallup, Americans' Favorable Rating of Russia Sinks to New Low of 9% (Mar. 13, 2023) ("Fewer than one in 10 Americans have a positive view of Russia, and a majority now say they view that nation 'very unfavorably.' Those are easily the worst ratings of Russia in at least 34 years of Gallup polling. Russia is now in the company of nations like Iran, Iraq and North Korea, in receiving nearly universal disapproval from the American public.").

6.     The World Federation of Advertisers, whose members represent $43 billion in global ad spend, had formally called on the entire marketing industry to "carefully review and reconsider" any media and marketing investments with Russian-affiliated entities, and three-quarters of its members had already cut ties entirely.[2]

---

[1] Available at https://news.gallup.com/poll/471372/americans-favorable-rating-russia-sinks-new-low.aspx; *see also* Pew Research Center, Views of Russia and Putin, May 8, 2024 (available at https://www.pewresearch.org/global/2024/05/08/views-of-russia-and-putin/) (Polling demonstrates that 86% of Americans have unfavorable opinion of Russia and a majority of Americans view Russia as an enemy).

[2] John Glenday, The Drum, 'Media investment and marketing should end for now': 75% of WFA brands shun Russia, March 10, 2022 (available at https://www.thedrum.com/news/media-investment-and-marketing-should-end-now-75-wfa-brands-shun-russia).

7.    Across Silicon Valley and the broader business community, companies were racing to disentangle themselves from Russian money—not because the law required it, but because even the appearance of Russian financial ties had become commercially catastrophic.[3]

8.    Rothwell made the statements with the calculated precision of a professional who understood—better than almost anyone—what those words would do in the marketplace she inhabited.

## PARTIES, JURISDICTION, AND VENUE

9.    AiDigital is a limited liability company organized under the laws of the State of New York with its principal place of business in Miami-Dade County, Florida, at 382 NE 191st St, PMB No. 96639, Miami, Florida 33179.

10.    Susan Rothwell is a natural person and resident of the Commonwealth of Pennsylvania.

11.    This is an action for damages exceeding fifty thousand dollars ($50,000.00), exclusive of interest, costs, and attorneys' fees.

12.    This Court has personal jurisdiction over Rothwell.

13.    Rothwell's actions fall squarely under Florida's long-arm statute because she personally or through an agent committed the tortious act of defamation within the state of Florida. *See* § 48.193(1)(a)(2), Fla. Stat.

14.    Rothwell's defamatory statements about AiDigital were published in Florida through telephonic, electronic, and/or written communications to individuals in Florida.

---

[3] Ivan Levingston, Jackie Davalos and Sarah McBride, Bloomberg Línea, *Silicon Valley Tries to Disentangle Itself From Russian Money*, March 14, 2022 (available at https://www.bloomberglinea.com/2022/03/14/silicon-valley-tries-to-disentangle-itself-from-russian-money/).

Because this action arises from those communications, this Court has personal jurisdiction over Rothwell.

15. Due process is also satisfied because Rothwell purposefully directed her defamatory communication to individuals in Florida and/or knowingly interacted with residents of Florida via her communications, with the intention of causing harm to a company based in Florida. Because this action arises out of that same activity, due process is satisfied.

16. Venue is proper in Miami-Dade County because AiDigital's principal place of business is in Miami-Dade County, the injury was suffered there, and the causes of action accrued there at least in substantial part, including because the defamatory statements were received and repeated in Miami-Dade County.

## GENERAL ALLEGATIONS

17. AiDigital operates in the digital advertising space as an AI-native media consultancy. AiDigital's business depends on trust, legitimacy, confidentiality, ownership integrity, and marketplace credibility.

18. AiDigital employs dozens of individuals across Europe, many of whom are members of the Russian diaspora who fled Russia at or around the outbreak of the war in Ukraine. AiDigital is proud to employ these individuals and values their contributions.

19. Rothwell is the Chief Revenue Officer of a company called Simpli.fi, which works in the digital advertising space. She has previously worked at other advertising-focused companies in varying capacities for decades.

20. Starting on a date presently unknown to Plaintiff but within the applicable limitations period and continuing through at least the date of filing of this Complaint, Rothwell

embarked on a sustained course of conduct to discredit AiDigital through false and defamatory statements.

21.     Upon information and belief, on or about March 10th and March 11th of 2026, Rothwell stated in form and substance to various individuals by way of electronic communication, that AiDigital is funded by the Russian mafia and questioned why any employee would want to work at AiDigital because of its connection to the Russian mafia.

22.     On additional occasions within the limitations period, including through electronic messaging platforms, Rothwell stated or caused to be stated, in substance and effect, that AiDigital is backed by "dirty" money from Russian private-equity firms. She made the above statements with negligent disregard for their falsity, and more likely, with knowledge they were false.

23.     AiDigital is a privately held family-owned business helmed by U.S. citizens that receives no funding from any Russian entity, including, but not limited to, the Russian mafia or Russian private equity firms.

24.     Rothwell's statements were not loose rhetoric or protected opinion. Each was a concrete factual assertion about AiDigital's ownership, funding sources, and financial affiliations. Each of the statements is capable of being proved true or false—and each was false.

25.     Rothwell published, or caused to be published, these false statements to third parties, including, but not limited to AiDigital's clients, AiDigital's prospective clients, AiDigital's prospective employees and recruiting targets, and other market participants with whom AiDigital had existing or prospective business or recruiting relationships.

Page 5

26.     Upon information and belief, Rothwell directed and encouraged others, including but not limited to Matt Warwick, to repeat and republish her false statements to clients, prospective clients, recruiting targets, and other market participants.

27.     Upon information and belief, Matt Warwick and others did in fact repeat and republish Rothwell's false statements, including in communications received in Florida and Miami-Dade County.

28.     Rothwell intended that her false statements would be repeated and republished by those with whom she communicated them, and each such republication was a natural and foreseeable consequence of Rothwell's original publications.

29.     Rothwell also stated, in substance and effect, that she had "a spy" or "someone on the inside" of AiDigital feeding her information about AiDigital's operations, strategies, employees, and business activities. That statement, which was also published to third parties, was intended to bolster her original false defamatory statements by suggesting they were supported by some "insider" knowledge.

30.     Further, the statement itself is defamatory because it conveys the false impression that AiDigital harbors a disloyal insider, that AiDigital's internal operations are compromised, and that AiDigital's confidential information is being leaked—all of which tends to subject AiDigital to distrust, suspicion, and injury in its trade and business.[4]

31.     Rothwell made the foregoing statements intentionally, deliberately, and without privilege. The statements were not made for any legitimate investigative, compliance, law-enforcement, or internal-governance purpose. They were attacks designed to harm AiDigital.

---

[4] To the extent Rothwell's statement about having a "spy" inside of AiDigital is true, discovery will prove what other potentially tortious acts Rothwell committed.

Page 6

32.     Rothwell made the statements with negligent disregard for the truth or falsity of the statements—and more likely—with knowledge the statements were false.

33.     Rothwell made and caused these statements to be made for the purpose of harming AiDigital's professional reputation, poisoning the marketplace against AiDigital, undermining AiDigital's recruiting efforts, and deterring clients and prospective clients, prospective employees, and recruiting targets from associating or doing business with AiDigital.

34.     The lies about AiDigitial being funded by the Russian mafia were especially stigmatizing and harmful because they were designed to suggest that AiDigital's ownership and financial backing were connected to organized crime and that AiDigital was not a trustworthy or lawful business counterparty.

35.     The accusations that AiDigital is funded by Russian private equity are also extremely damaging. In the current geopolitical environment, including the extensive U.S. sanctions regime targeting Russian financial interests, the accusation carried the additional false implication that AiDigital might be subject to sanctions exposure or engaged in illicit financial relationships, which companies have become attuned to over the past three years since the Russian invasion of Ukraine.

36.     These defamatory accusations were intentionally crafted to take advantage of the current negative perception of Russia within the United States generally, as well as in the advertising community. As previously noted, Americans' view of Russia is the most unfavorable it's been since the fall of the Soviet Union—in the same league as Iran and North Korea—and advertisers and marketers are actively cutting ties with Russian-affiliated investment.

37. The accusations were also particularly offensive because AiDigital works with dozens of employees and colleagues of Russian diaspora background across Europe—individuals who left Russia in the wake of the war in Ukraine—and the false attribution of Russian criminal or governmental financial ties was calculated to stigmatize and disparage AiDigital through an inflammatory, ethnically charged, and insulting falsehood.

38. Upon information and belief, Rothwell personally conceived, directed, and executed the tortious conduct described herein. She is sued individually because a corporate officer who personally commits or directs a tort is individually liable for that tort regardless of whether she was also acting within the scope of her corporate duties.

39. As a direct and proximate result of Rothwell's conduct, AiDigital has suffered and continues to suffer injury to its reputation, injury to its goodwill, injury to its business standing, disruption of employee and recruiting relationships, disruption of client and prospective-client relationships, and consequential damages to be proven at trial.

40. AiDigital's damages are ongoing. Upon information and belief, Rothwell's defamatory campaign has not ceased as of the date of this Complaint.

## COUNT I – DEFAMATION / DEFAMATION PER SE

41. AiDigital realleges and incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

42. Rothwell published, or caused to be published, false statements of fact concerning AiDigital to third parties, as described above.

43. The statements were of and concerning AiDigital.

44. The false statements of fact included at least the following in form and substance:

Page 8

a.  AiDigital receives funding from the Russian mafia;

b.  AiDigital receives "dirty" money from Russia;

c.  AiDigital is backed by Russian private-equity;

d.  Additional statements described above that, taken in context and together with the express false factual assertions, conveyed a defamatory meaning.

45.     Each statement was made or caused to be made with negligent disregard for the truth or falsity of the statements.

46.     Each statement was defamatory because each statement tended to subject AiDigital to hatred, distrust, ridicule, contempt, and obloquy and to injure AiDigital in its trade and business.

47.     Each of these statements is actionable as *defamation per se* under Florida law because each falsely imputes to AiDigital conduct, characteristics, and conditions incompatible with the proper exercise of its lawful trade and business—including false financial affiliations with organized crime, false foreign ownership, and compromised internal security. Statements that impute unfitness in one's trade or business are actionable per se and give rise to presumed damages.

48.     To the extent the false statements implied that AiDigital was engaged in criminal conduct—including by associating AiDigital with the Russian mafia or suggesting illicit financial relationships in the context of U.S. sanctions—those statements are also defamatory per se as imputing a criminal offense to AiDigital.

Page 9

49.    None of the above statements are protected by any competitive privilege because they are not comparative assessments of relative merit, but fabricated factual accusations of criminal financial backing.

50.    As a direct and proximate result of Rothwell's defamation, AiDigital has suffered damages, including injury to reputation, goodwill, business standing, recruiting efforts, and commercial relationships.

51.    While Ms. Rothwell is liable for making these defamatory statements because she did so with negligent disregard for the truth or falsity of the statements, AiDigital also contends that Rothwell acted with malice, ill will, spite, and intent to injure AiDigital.

52.    Therefore, AiDigitial reserves the right to seek leave to amend this Complaint to add a claim for punitive damages pursuant to § 768.72, Florida Statutes, upon a showing that Defendants' conduct was intentional, malicious, and in reckless disregard of AiDigital's rights.

WHEREFORE, AiDigital demands judgment against Rothwell for compensatory damages, including reputational and commercial harm; presumed damages as permitted by law for defamation per se; costs of suit; pre-judgment interest as allowed by law; and all other relief this Court deems just and proper.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

53.    AiDigital realleges and incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

54.    AiDigital had and has advantageous business relationships and identifiable prospective business relationships with specific categories of persons, including clients, prospective clients, current employees, prospective employees, and recruiting targets with

Page 10

whom AiDigital was actively maintaining or pursuing business or recruiting relationships at the time of Rothwell's tortious conduct.

55. Rothwell knew of those relationships or, at minimum, knew that AiDigital was pursuing and maintaining such relationships.

56. Rothwell intentionally and unjustifiably interfered with those relationships by making and causing to be made the false statements identified above to undermine AiDigital's attractiveness and trustworthiness as an employer and business partner.

57. Rothwell directed those statements to or through people whose decisions regarding whether to join, recruit for, refer work to, retain, or do business with AiDigital Rothwell she sought to influence adversely.

58. Rothwell's interference was intentional, unjustified, and undertaken for an improper purpose—namely, to disparage and defame AiDigital to gain an unfair competitive advantage through deliberate falsehood rather than through legitimate means of competition.

59. As a direct and proximate result of Rothwell's interference, AiDigital suffered and continues to suffer damage to its existing and prospective business and recruiting relationships.

60. Plaintiff reserves the right to seek leave to amend to add a claim for punitive damages pursuant to § 768.72, Florida Statutes.

WHEREFORE, AiDigital demands judgment against Rothwell for compensatory damages; costs of suit; pre-judgment interest as allowed by law; and all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

AiDigital demands trial by jury on all issues so triable.

Dated: March 23, 2026

Respectfully submitted,

/s/ Ryan B. Witte
Andrew Brenner, Esq.
Fla. Bar No. 978663
Ryan Witte, Esq.
Fla. Bar No. 60628
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St, Suite 2800
Miami, FL 33131
Tel: 305-357-8451
abrenner@bsfllp.com
rwitte@bsfllp.com

*Counsel for Plaintiff AiDigital Operating LLC*

Filing # 244364733 E-Filed 03/23/2026 12:33:24 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

AIDIGITAL OPERATING LLC,                        Case No.: _____

a limited liability company,

<em>Plaintiff,</em>

v.

SUSAN ROTHWELL,

<em>Defendant.</em>

_____/

<u><strong>COMPLAINT AND DEMAND FOR JURY TRIAL</strong></u>

Plaintiff, AiDigital Operating LLC ("AiDigital" or "AID"), sues Defendant Susan Rothwell ("Rothwell") and alleges:

<u><strong>INTRODUCTION</strong></u>

1. Susan Rothwell has spent decades mastering how to sell and how words shape commercial decisions. Her professional stock in trade is understanding how messaging moves commercial audiences — what audiences to target, what words attract business, what associations repel it, and what labels, once attached, cannot be undone. This case is about Rothwell using those skills deliberately and maliciously, to attach a false and toxic label to a company with the intention of doing it harm.

2. Over a career spanning more than thirty years in sales and digital marketing, Rothwell has held senior revenue leadership roles at major media and advertising companies, managing sales organizations and advising clients on how to reach audiences and influence their decisions.

3. Here, Rothwell communicated to numerous third parties, including colleagues, AiDigital's clients, AiDigital's potential clients, and market participants that AiDigital was

Page 1

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

funded by the Russian mafia and "dirty" Russian money, that it was backed by Russian private equity, and that she maintained a spy inside AiDigital.

4.      Rothwell knew these defamatory statements and messages were toxic to AiDigital but made them anyway with negligent disregard for their truth or falsity—and more likely—with knowledge the statements were false paired with malice.

5.      At a time where more than ninety percent of Americans hold an unfavorable view of Russia, with a majority rating it "very unfavorably," Rothwell knew how these defamatory allegations would be received by employees, customers, and other third parties.[1] *See* Gallup, Americans' Favorable Rating of Russia Sinks to New Low of 9% (Mar. 13, 2023) ("Fewer than one in 10 Americans have a positive view of Russia, and a majority now say they view that nation 'very unfavorably.'  Those are easily the worst ratings of Russia in at least 34 years of Gallup polling. Russia is now in the company of nations like Iran, Iraq and North Korea, in receiving nearly universal disapproval from the American public.").

6.      The World Federation of Advertisers, whose members represent $43 billion in global ad spend, had formally called on the entire marketing industry to "carefully review and reconsider" any media and marketing investments with Russian-affiliated entities, and three-quarters of its members had already cut ties entirely.[2]

---

[1] Available at https://news.gallup.com/poll/471872/americans-favorable-rating-russia-sinks-new-low.aspx; *see also* Pew Research Center, Views of Russia and Putin, May 8, 2024 (available at https://www.pewresearch.org/global/2024/05/08/views-of-russia-and-putin/) (Polling demonstrates that 86% of Americans have unfavorable opinion of Russia and a majority of Americans view Russia as an enemy).

[2] John Glenday, The Drum, 'Media investment and marketing should end for now': 75% of WFA brands shun Russia, March 10, 2022 (available at https://www.thedrum.com/news/media-investment-and-marketing-should-end-now-75-wfa-brands-shun-russia).

7.     Across Silicon Valley and the broader business community, companies were racing to disentangle themselves from Russian money—not because the law required it, but because even the appearance of Russian financial ties had become commercially catastrophic.[3]

8.     Rothwell made the statements with the calculated precision of a professional who understood—better than almost anyone—what those words would do in the marketplace she inhabited.

## PARTIES, JURISDICTION, AND VENUE

9.     AiDigital is a limited liability company organized under the laws of the State of New York with its principal place of business in Miami-Dade County, Florida, at 382 NE 191st St, PMB No. 96639, Miami, Florida 33179.

10.    Susan Rothwell is a natural person and resident of the Commonwealth of Pennsylvania.

11.    This is an action for damages exceeding fifty thousand dollars ($50,000.00), exclusive of interest, costs, and attorneys' fees.

12.    This Court has personal jurisdiction over Rothwell.

13.    Rothwell's actions fall squarely under Florida's long-arm statute because she personally or through an agent committed the tortious act of defamation within the state of Florida.  *See* § 48.193(1)(a)(2), Fla. Stat.

14.    Rothwell's defamatory statements about AiDigital were published in Florida through telephonic, electronic, and/or written communications to individuals in Florida.

---

[3] Ivan Levingston, Jackie Davalos and Sarah McBride, Bloomberg Línea, *Silicon Valley Tries to Disentangle Itself From Russian Money*, March 14, 2022 (available at https://www.bloomberglinea.com/2022/03/14/silicon-valley-tries-to-disentangle-itself-from-russian-money/ ).

Because this action arises from those communications, this Court has personal jurisdiction over Rothwell.

15.    Due process is also satisfied because Rothwell purposefully directed her defamatory communication to individuals in Florida and/or knowingly interacted with residents of Florida via her communications, with the intention of causing harm to a company based in Florida.  Because this action arises out of that same activity, due process is satisfied.

16.    Venue is proper in Miami-Dade County because AiDigital's principal place of business is in Miami-Dade County, the injury was suffered there, and the causes of action accrued there at least in substantial part, including because the defamatory statements were received and repeated in Miami-Dade County.

## GENERAL ALLEGATIONS

17.    AiDigital operates in the digital advertising space as an AI-native media consultancy. AiDigital's business depends on trust, legitimacy, confidentiality, ownership integrity, and marketplace credibility.

18.    AiDigital employs dozens of individuals across Europe, many of whom are members of the Russian diaspora who fled Russia at or around the outbreak of the war in Ukraine. AiDigital is proud to employ these individuals and values their contributions.

19.    Rothwell is the Chief Revenue Officer of a company called Simpli.fi, which works in the digital advertising space.  She has previously worked at other advertising-focused companies in varying capacities for decades.

20.    Starting on a date presently unknown to Plaintiff but within the applicable limitations period and continuing through at least the date of filing of this Complaint, Rothwell

embarked on a sustained course of conduct to discredit AiDigital through false and defamatory statements.

21.     Upon information and belief, on or about March 10th and March 11th of 2026, Rothwell stated in form and substance to various individuals by way of electronic communication, that AiDigital is funded by the Russian mafia and questioned why any employee would want to work at AiDigital because of its connection to the Russian mafia.

22.     On additional occasions within the limitations period, including through electronic messaging platforms, Rothwell stated or caused to be stated, in substance and effect, that AiDigital is backed by "dirty" money from Russian private-equity firms.  She made the above statements with negligent disregard for their falsity, and more likely, with knowledge they were false.

23.     AiDigital is a privately held family-owned business helmed by U.S. citizens that receives no funding from any Russian entity, including, but not limited to, the Russian mafia or Russian private equity firms.

24.     Rothwell's statements were not loose rhetoric or protected opinion.  Each was a concrete factual assertion about AiDigital's ownership, funding sources, and financial affiliations.  Each of the statements is capable of being proved true or false—and each was false.

25.     Rothwell published, or caused to be published, these false statements to third parties, including, but not limited to AiDigital's clients, AiDigital's prospective clients, AiDigital's prospective employees and recruiting targets, and other market participants with whom AiDigital had existing or prospective business or recruiting relationships.

26.     Upon information and belief, Rothwell directed and encouraged others, including but not limited to Matt Warwick, to repeat and republish her false statements to clients, prospective clients, recruiting targets, and other market participants.

27.     Upon information and belief, Matt Warwick and others did in fact repeat and republish Rothwell's false statements, including in communications received in Florida and Miami-Dade County.

28.     Rothwell intended that her false statements would be repeated and republished by those with whom she communicated them, and each such republication was a natural and foreseeable consequence of Rothwell's original publications.

29.     Rothwell also stated, in substance and effect, that she had "a spy" or "someone on the inside" of AiDigital feeding her information about AiDigital's operations, strategies, employees, and business activities.  That statement, which was also published to third parties, was intended to bolster her original false defamatory statements by suggesting they were supported by some "insider" knowledge.

30.     Further, the statement itself is defamatory because it conveys the false impression that AiDigital harbors a disloyal insider, that AiDigital's internal operations are compromised, and that AiDigital's confidential information is being leaked—all of which tends to subject AiDigital to distrust, suspicion, and injury in its trade and business.[4]

31.     Rothwell made the foregoing statements intentionally, deliberately, and without privilege. The statements were not made for any legitimate investigative, compliance, law-enforcement, or internal-governance purpose.  They were attacks designed to harm AiDigital.

---

[4] To the extent Rothwell's statement about having a "spy" inside of AiDigital is true, discovery will prove what other potentially tortious acts Rothwell committed.

32.     Rothwell made the statements with negligent disregard for the truth or falsity of the statements—and more likely—with knowledge the statements were false.

33.     Rothwell made and caused these statements to be made for the purpose of harming AiDigital's professional reputation, poisoning the marketplace against AiDigital, undermining AiDigital's recruiting efforts, and deterring clients and prospective clients, prospective employees, and recruiting targets from associating or doing business with AiDigital.

34.     The lies about AiDigitial being funded by the Russian mafia were especially stigmatizing and harmful because they were designed to suggest that AiDigital's ownership and financial backing were connected to organized crime and that AiDigital was not a trustworthy or lawful business counterparty.

35.     The accusations that AiDigital is funded by Russian private equity are also extremely damaging.  In the current geopolitical environment, including the extensive U.S. sanctions regime targeting Russian financial interests, the accusation carried the additional false implication that AiDigital might be subject to sanctions exposure or engaged in illicit financial relationships, which companies have become attuned to over the past three years since the Russian invasion of Ukraine.

36.     These defamatory accusations were intentionally crafted to take advantage of the current negative perception of Russia within the United States generally, as well as in the advertising community.  As previously noted, Americans' view of Russia is the most unfavorable it's been since the fall of the Soviet Union—in the same league as Iran and North Korea—and advertisers and marketers are actively cutting ties with Russian-affiliated investment.

37.     The accusations were also particularly offensive because AiDigital works with dozens of employees and colleagues of Russian diaspora background across Europe—individuals who left Russia in the wake of the war in Ukraine—and the false attribution of Russian criminal or governmental financial ties was calculated to stigmatize and disparage AiDigital through an inflammatory, ethnically charged, and insulting falsehood.

38.     Upon information and belief, Rothwell personally conceived, directed, and executed the tortious conduct described herein.  She is sued individually because a corporate officer who personally commits or directs a tort is individually liable for that tort regardless of whether she was also acting within the scope of her corporate duties.

39.     As a direct and proximate result of Rothwell's conduct, AiDigital has suffered and continues to suffer injury to its reputation, injury to its goodwill, injury to its business standing, disruption of employee and recruiting relationships, disruption of client and prospective-client relationships, and consequential damages to be proven at trial.

40.     AiDigital's damages are ongoing. Upon information and belief, Rothwell's defamatory campaign has not ceased as of the date of this Complaint.

## COUNT I – DEFAMATION / DEFAMATION PER SE

41.     AiDigital realleges and incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

42.     Rothwell published, or caused to be published, false statements of fact concerning AiDigital to third parties, as described above.

43.     The statements were of and concerning AiDigital.

44.     The false statements of fact included at least the following in form and substance:

a.  AiDigital receives funding from the Russian mafia;

b.  AiDigital receives "dirty" money from Russia;

c.  AiDigital is backed by Russian private-equity;

d.  Additional statements described above that, taken in context and together with the express false factual assertions, conveyed a defamatory meaning.

45.     Each statement was made or caused to be made with negligent disregard for the truth or falsity of the statements.

46.     Each statement was defamatory because each statement tended to subject AiDigital to hatred, distrust, ridicule, contempt, and obloquy and to injure AiDigital in its trade and business.

47.     Each of these statements is actionable as *defamation per se* under Florida law because each falsely imputes to AiDigital conduct, characteristics, and conditions incompatible with the proper exercise of its lawful trade and business—including false financial affiliations with organized crime, false foreign ownership, and compromised internal security. Statements that impute unfitness in one's trade or business are actionable per se and give rise to presumed damages.

48.     To the extent the false statements implied that AiDigital was engaged in criminal conduct—including by associating AiDigital with the Russian mafia or suggesting illicit financial relationships in the context of U.S. sanctions—those statements are also defamatory per se as imputing a criminal offense to AiDigital.

49.     None of the above statements are protected by any competitive privilege because they are not comparative assessments of relative merit, but fabricated factual accusations of criminal financial backing.

50.     As a direct and proximate result of Rothwell's defamation, AiDigital has suffered damages, including injury to reputation, goodwill, business standing, recruiting efforts, and commercial relationships.

51.     While Ms. Rothwell is liable for making these defamatory statements because she did so with negligent disregard for the truth or falsity of the statements, AiDigital also contends that Rothwell acted with malice, ill will, spite, and intent to injure AiDigital.

52.     Therefore, AiDigitial reserves the right to seek leave to amend this Complaint to add a claim for punitive damages pursuant to § 768.72, Florida Statutes, upon a showing that Defendants' conduct was intentional, malicious, and in reckless disregard of AiDigital's rights.

**WHEREFORE,** AiDigital demands judgment against Rothwell for compensatory damages, including reputational and commercial harm; presumed damages as permitted by law for defamation per se; costs of suit; pre-judgment interest as allowed by law; and all other relief this Court deems just and proper.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

53.     AiDigital realleges and incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

54.     AiDigital had and has advantageous business relationships and identifiable prospective business relationships with specific categories of persons, including clients, prospective clients, current employees, prospective employees, and recruiting targets with

whom AiDigital was actively maintaining or pursuing business or recruiting relationships at the time of Rothwell's tortious conduct.

55.     Rothwell knew of those relationships or, at minimum, knew that AiDigital was pursuing and maintaining such relationships.

56.     Rothwell intentionally and unjustifiably interfered with those relationships by making and causing to be made the false statements identified above to undermine AiDigital's attractiveness and trustworthiness as an employer and business partner.

57.     Rothwell directed those statements to or through people whose decisions regarding whether to join, recruit for, refer work to, retain, or do business with AiDigital Rothwell she sought to influence adversely.

58.     Rothwell's interference was intentional, unjustified, and undertaken for an improper purpose—namely, to disparage and defame AiDigital to gain an unfair competitive advantage through deliberate falsehood rather than through legitimate means of competition.

59.     As a direct and proximate result of Rothwell's interference, AiDigital suffered and continues to suffer damage to its existing and prospective business and recruiting relationships.

60.     Plaintiff reserves the right to seek leave to amend to add a claim for punitive damages pursuant to § 768.72, Florida Statutes.

**WHEREFORE,** AiDigital demands judgment against Rothwell for compensatory damages; costs of suit; pre-judgment interest as allowed by law; and all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

AiDigital demands trial by jury on all issues so triable.

Dated: March 23, 2026

Respectfully submitted,

*/s/ Ryan B. Witte*
Andrew Brenner, Esq.
Fla. Bar No. 978663
Ryan Witte, Esq.
Fla. Bar No. 60628
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St, Suite 2800
Miami, FL 33131
Tel: 305-357-8451
abrenner@bsfllp.com
rwitte@bsfllp.com

*Counsel for Plaintiff AiDigital Operating LLC*

Filing # 244364733 E-Filed 03/23/2026 12:33:24 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>AiDigital Operating LLC</u>
Plaintiff                                                      Case # _____

                                                                 Judge  _____

vs.
<u>Susan Rothwell</u>
 Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☒ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
　　☐ Residential Evictions
　　☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.　REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.　NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

　2

**VI.　IS THIS CASE A CLASS ACTION LAWSUIT?**
　　☐ yes
　　☒ no

**VII.　HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
　　☒ no
　　☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.　IS JURY TRIAL DEMANDED IN COMPLAINT?**
　　☒ yes
　　☐ no

**IX.　DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
　　☐ yes
　　☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Ryan Witte　　　　　　　　　　Fla. Bar # 60628
　　　　　　Attorney or party　　　　　　　　　　　　(Bar # if attorney)

Ryan Witte　　　　　　　　　　03/23/2026
　(type or print name)　　　　　　　　Date

- 3 -

Filing # 244452442 E-Filed 03/24/2026 11:01:34 AM

## RETURN OF SERVICE

**State of Florida**   **County of MIAMI-DADE**   **Circuit Court**

Case Number: 2026-5924-CA-01

Plaintiff: **AIDIGITAL OPERATING LLC**
vs.
Defendant: **SUSAN ROTHWELL**

For: Ryan Witte
   BOES, SCHILLER & FLEXNER, LLP

Received by P.I. SERVICES on the 23rd day of March, 2026 at 2:18 pm to be served on **SUSAN ROTHWELL, 928 CAPITAL CIRCLE, NORRISTOWN, PA 19403**. I, _____Stephanie Kraft_____, do hereby affirm that on the __23rd__ day of ___March___, 2026 at __6:49 P.m.__, executed service by delivering a true copy of the **SUMMONS & COMPLAINT (20 DAYS), CIVIL COVER SHEET** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

(x) SUBSTITUTE SERVICE: By serving _____Brian Rothwell_____ as
   Husband and co-resident _____.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** receiver is described as a male, caucasian, approximately 5'8" and 170lbs, brown hair, brown eyes, 63 years old _____

_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.
Under Penalties of Perjury, I declare I have read the foregoing document and the facts stated in it are true and correct, NO NOTARY REQUIRED PERSUANT TO F.S. 92.525(2).

                                                         _Stephanie Kraft_

PROCESS SERVER # n/a in Pennsylvania
Appointed in accordance with State Statutes

P.I. SERVICES
1430 S. Dixie Highway
Suite 105, #157
Coral Gables, FL 33146
(305) 666-0142

Our Job Serial Number: 2026000609

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHERS | CIVIL ACTION SUMMONS (b)<br>Form for Personal Services on a<br>Natural Person | CASE NUMBER<br>2026-005924-CA-01 |
|---|---|---|
| **PLAINTIFF(S)** | **VS     DEFENDANT(S)** | **CLOCK IN** |
| AiDigital Operating LLC | Susan Rothwell | |

THE STATE OF FLORIDA:TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):     Susan Rothwell | Address:<br>928 Capitol Cir., Norristown, PA 19403 |
|---|---|

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

### MIAMI-DADE COUNTY COURT LOCATIONS

| ☐ **ONS Justice Center Central Court** (05)<br>Room 6.240<br>20 NW 1st Ave<br>Miami, FL 33128 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Miami, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | | **SERVICE**<br>Brian Rothwell<br>Spouse/coresident<br>3/23/26 @ 6:49pm<br>SK |

| Plaintiff/Plaintiff Attorney   Ryan Witte, Esq.<br><br>Florida Bar No.     60628 | Address:<br>Boies Schiller Flexner LLP,<br>100 SE 2nd Street, Suite 2800, Miami FL 33131 |
|---|---|

| JUAN FERNANDEZ-BARQUIN<br>CLERK OF THE COURT AND COMPTROLLER<br>MIAMI-DADE COUNTY<br>CIRCUIT AND COUNTY COURTS | DEPUTY CLERK | DATE ON: |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Alican Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☐ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.

☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☐ CIVIL<br>☐ DISTRITO<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO |
|---|---|---|
| DEMANDANTE(S) | VS.   DEMANDADO(S) | HORA |

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagen entrega de esta notificación y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| A Demandado(s): | A Demandado(s): |
|---|---|

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."

### LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

☐ **ONS Justice Center Central Court** (05)
Room 6.240
20 NW 1st Ave
Miami, FL 33128

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

**SERVICIO**

| Demandante o Abogado del Demandante:<br><br>Número del Colegio de Abogados: | Dirección: | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Secretario del Tribunal y Contralor** | COMO SECRETTARIO ADJUNTO | **FECHA** |

### LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☐ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.

☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVIZYON<br>☐ CIVILE<br>☐ DISTRICT<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CASO |
|---|---|---|
| PLAINTE (S) | VS.   CONTRE ACCUSE(S) | HEURE IN |

**L'TAT DE LA FLORIDE:** A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus.

| A (AUX) ACCUSE(S): | A (AUX) ACCUSE(S): |
|---|---|

## IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintif's Attomey" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

**"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridlque gratulte peut être trouvé à www.dadecountyprobono.org"**

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☐ **ONS Justice Center Central Court** (05)
Room 6.240
20 NW 1ˢᵗ Ave
Miami, FL 33128

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

**UN SERVICE**

| Plainte/Avocat du Plainte<br><br>Numero de barreau de la Floride: | Adresse : | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Greffier du Tribunal**<br>**et Contrôleur** | COMME GREFFIER ADJOINT | DATE: |

## ACT DE 1990 POUR AMERICAINS HANDICAPES
### AVIS DE l' ADA

" Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

☐ NAN TRIBINAL ITINERAN NAN ONZYÈM AWONDISMAN JIDISYÈ NAN E POU KONTE MIAMI-DADE, FLORIDA
☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA

| DIVIZYON<br>☐ SIVIL<br>☐ DISTRI<br>☐ LÒT | KONVOKASYON POU KA SIVIL<br>(b) DELIVRE PERSONELMAN BAY YON MOUN | NIMEWO KA |
|---|---|---|
| PLENTIF (S) | VS.   KONT AKIZE(S) | LE |

**ETA FLORIDA:** Pou Chak nan eta a yo odone ou pou bay akize a (yo), non I ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.:

| AKIZE: | ADRES:: |
|---|---|

### ENPOTAN

Yo entre yon aksyon kont oumeum. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou m ete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

**"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."**

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☐ **ONS Justice Center Central Court** (05)
Room 6.240
20 NW 1st Ave
Miami, FL 33128

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (28)
Room 1200
10710 SW 211 Street
Miami, FL 33189

UN SERVICE

| Plainte/Avocat du Plainte | Nimewo manm avoka a. |
|---|---|
| Numero de barreau de la Floride: | Address: |

| **JUAN FERNANDEZ-BARQUIN**<br>Grefye Tribinal la ak Kontwolè | SEKRETE | DATE: |
|---|---|---|

### LWA 1990 POU AMERIKEN KI ENFIM
### ANONS POU AMERIKEN KI ENFIM

**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Aliean Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."**