UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-CV-22815-MARTINEZ

AIDIGITAL OPERATING LLC,

      Plaintiff,

v.

SUSAN ROTHWELL,

      Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Susan Rothwell's Motion to Dismiss ("Motion") [ECF No. 6]. Plaintiff AiDigital Operating LLC filed a Response in Opposition to the Motion, [ECF No. 16], to which Defendant filed a Reply [ECF No. 17]. The Court has considered the Motion, the Response, the Reply, the record, and applicable law and is otherwise fully advised. After careful consideration, the Motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff brought this action for damages against Defendant for defamation and tortious interference with business relationships. (*See generally* Compl. [ECF No. 1-1]). Plaintiff is a limited liability company that is headquartered in Miami, Florida and incorporated in the state of New York. (*See id.* ¶ 9). Defendant is a natural person who is a resident of Pennsylvania. (*Id.* ¶ 10). Defendant is an executive at Simpli.fi, a competitor of Plaintiff, who allegedly used "electronic communication" to state that Plaintiff is "funded by the Russian mafia." (*Id.* ¶¶ 19, 21). Defendant has also stated in some forms, "including through electronic messaging platforms," that Plaintiff

is supported by "dirty" Russian private equity firms. (*Id.* ¶ 22). According to Plaintiff, these statements were made by Defendant with the knowledge that they were false. (*Id.*)

On March 10, 2026, Defendant attended a sales management meeting in Louisiana. (*See* Affidavit of Cameron Kramer ("Kramer Affidavit") [ECF No. 16-1] ¶ 4). In attendance were Simpli.fi employees, some of whom were sales managers responsible for managing clients and prospects in Florida. (*Id.* ¶ 7). At this conference, Defendant stated that Plaintiff was either "run by the Russian mob" or "run by the Russian mafia," and these statements were heard by the sales managers. (*Id.* ¶ 8).

Plaintiff first filed suit in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on March 23, 2026. (*See* Compl.). On April 22, 2026, Defendant removed the action to this Court. (*See* Not. of Removal [ECF No. 1]). On April 29, 2026, Defendant filed the instant Motion to Dismiss for lack of personal jurisdiction. (*See generally* Mot.) Plaintiff avers this Court has personal jurisdiction over Defendant based on diversity. (*See* Compl. ¶¶ 5, 7). Defendant argues that Plaintiff has not plead sufficient facts to show that a tort was committed in Florida for the purposes of jurisdiction under the state's long-arm statutes. (*See generally* Resp.)

## II.    LEGAL STANDARD

"As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (citations omitted). Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim against him by asserting the defense of lack of personal jurisdiction. Because "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons[,]" *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)

2

(alterations added; citing Fed. R. Civ. P. 4(k)(1)(A)), a federal court sitting in Florida may properly exercise personal jurisdiction only if the requirements of (1) Florida's long-arm statute and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution are both satisfied. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citation omitted).

To establish personal jurisdiction over a nonresident defendant, a plaintiff "initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Posner*, 178 F.3d at 1214. A district court must accept the facts alleged as true, to the extent they are uncontroverted by the defendant's affidavits. *Id.* at 1215. Nevertheless, "vague and conclusory allegations . . . are insufficient to establish a prima facie case of personal jurisdiction[.]" *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (alterations added; citation and footnote call number omitted).

If a plaintiff pleads sufficient facts to support the exercise of personal jurisdiction, the burden shifts to the defendant to make a prima facie showing of the inapplicability of the state's long-arm statute. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). "If the defendant is able to refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own." *Peruyero*, 83 F. Supp. 3d at 1286–87 (citing *Future Tech.*, 218 F.3d at 1249). All inferences necessary to resolve conflicting allegations are made in favor of the plaintiff. *Id.* Conclusory statements of fact are not credited by the Court. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th. Cir. 1999).

### III.   DISCUSSION

Because Plaintiff is bringing two tort claims, one for defamation and the other for tortious interference, the relevant long-arm statute is section 48.193(1)(a)(2), Florida Statutes, which

permits Florida to exercise personal jurisdiction over defendants who have "[committed] a tortious act within [the] state." The defendant need not be physically present in the state of Florida to satisfy the requirements of the long-arm statute. *See Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002). "Under Florida law, the tort of defamation is committed in the place where it is published." *Casita L.P. v. Maplewood Equity Partners L.P*, 960 So.2d 854, 857 (Fla. 3d DCA 2007). Defamatory materials, including electronic, telephonic, and written communications, are "published" in Florida if they are directed *into* Florida or otherwise accessed in Florida. *See Internet Solutions Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010) (finding jurisdiction under the long-arm statutes for internet posts that were accessed in Florida); *Sierra Equity Group Inc. v. White Oak Equity Partners LLC*, 650 F.Supp.2d 1213, 1222 (S.D. Fla. 2009) (holding that telephone calls originating outside of Florida satisfied jurisdiction under Fla. Stat. § 48.193(1)(a)(2) because they were directed into Florida); *cf. Zimmerman v. Buttigieg*, 521 F.Supp.3d 1197, 1210-11 (M.D. Fla. 2021) (holding that personal jurisdiction under Fla. Stat. § 48.193(1)(a)(2) was not satisfied because Plaintiff did not plead sufficient facts to show that defamatory internet posts were accessed in Florida).

Accordingly, a plaintiff seeking to establish jurisdiction for a defamation claim under Florida's long-arm statute must show that the alleged defamation resulted from communications *into* Florida. Here, Plaintiff pleads that the defamatory statements were made through "telephonic, electronic, and/or written communications," (Compl. ¶ 14), "including through electronic messaging platforms," (Compl. ¶ 22). Nowhere in her Complaint does Plaintiff plead that these communications took place in Florida. (*See generally* Compl.) The nature of these communications and who received them is also not pled. *Id.* Critically, Plaintiff does not plead facts to show that these defamatory statements were accessed in Florida, aside from conclusory

allegations that "[Defendant's] defamatory statements were published in Florida through telephonic, electronic, and/or written communications to individuals in Florida[,]" (Compl. ¶ 14), and "[u]pon information and belief," Defendant's false statements were republished "in communications received in Florida and Miami-Dade County." (*Id.* ¶ 27). The Court need not consider these conclusory allegations. *See Posner,* 178 F.3d at 1215. *See also Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.,* 522 F. Supp. 3d 1202, 1209 (S.D. Fla. 2021) ("[C]onclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the [plausibility] standard.") (citation omitted). Plaintiff fails to show that a tort was committed in Florida, as it does not sufficiently allege that the defamatory communications were sent into Florida, accessed in Florida, or in any way published in Florida beyond conclusory assertions stating as much. (*See* Compl. ¶¶ 14, 27). Therefore, the Court cannot find that jurisdiction over these claims is satisfied under section 48.193(1)(a)(2), Florida Statutes.

Similarly, Plaintiff's claims that Defendant made defamatory statements at a conference in Louisiana do not establish personal jurisdiction. (*See* Resp. 6). Plaintiff is permitted to provide additional facts in support of its claim of jurisdiction in supplemental motions and affidavits. *See Sierra Equity Group,* 650 F.Supp.2d at 1222. The Kramer Affidavit attempts to do so by alleging that Defendant made defamatory comments about Plaintiff to a group of sales personnel who manage client relationships in many markets, including Florida. (*See* Kramer Aff. ¶¶ 6-8). Still, the affidavit does not show that Defendant published these statements in Florida, and the Court is not persuaded that statements made to out-of-state third parties who manage business relationships in Florida is analogous to the statements being published in Florida. *See Metnick & Levi, P.A. v.*

5

*Seuling*, 123 So.3d 639, 645 (Fla. 4th DCA 2013) (holding that out-of-state conversations causing injury to a Florida firm do not establish jurisdiction under Fla. Stat. § 48.193(1)(a)(2)).

Plaintiff argues that injury from a tort within the State of Florida is all that is required to exercise personal jurisdiction under the long-arm statutes. (*See* Resp. 5). But this is an overly broad interpretation of a statute that is to be strictly construed. *See Green v. USF & G Corp.*, 772 F.Supp. 1258, 1260 (S.D. Fla. 1991). The language of the statute requires that the defendant commits a tort *within* the state, which "necessarily focuses analysis not on where a plaintiff ultimately felt damages, but where a defendant's tortious conduct occurred." *Seuling*, 123 So.3d at 645. Because the tort of defamation occurs where the statements are published, *see Casita L.P.*, 960 So.2d at 857, Plaintiffs must plead that the defamatory statements were published in Florida to establish personal jurisdiction under section 48.193(1)(a)(2), Florida Statutes.

Similarly, Plaintiff's tortious interference claim must be predicated on statements that were *made in* or *sent into* Florida. *See Seuling*, 123 So.3d at 645; *PK Computers, Inc. v. Independent Travel Agencies of America, Inc.*, 656 So.2d 254, 255 (Fla. 4th DCA 1995) (holding that injury to a Florida corporation, standing alone, was insufficient to establish personal jurisdiction where the defamatory statements were neither made in nor directed into Florida); *Hunt v. Cornerstone Golf Inc.*, 949 So.2d 228, 230-31 (Fla. 4th DCA 2007) (holding that communications made in Tennessee and Washington D.C., but not Florida, did not establish personal jurisdiction for a tortious interference claim under Fla. Stat. § 48.193(1)(a)(2)). Since Plaintiff has not plead that any statements made by Defendant were made in or directed into Florida, the Court finds that section

CASE NO. 1:26-CV-22815-MARTINEZ

48.193(1)(a)(2), Florida Statutes, does not support personal jurisdiction for both the defamation claim and the tortious interference claim. [1]

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUGED** that Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED.** The Clerk is **DIRECTED** to **CLOSE** this case and **DENY as moot** all pending motions.

**DONE AND ORDERED** in Miami, Florida this _1⁴_ day of July 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:    all counsel of record

---

[1]    Plaintiff has failed to show that section 48.193(1)(a)(2) authorizes the exercise of personal jurisdiction, so the Court need not consider whether exercising jurisdiction over Defendant would comport with due process. *See Coach Services, Inc. v. 777 Lucky Accessories, Inc.*, 752 F.Supp.2d 1271, 1274 (S.D. Fla. 2010).